## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHRISTINA A. SANDERS,

     Plaintiff,

v.

CAVALRY SPV I, LLC d/b/a CAVALRY
PORTFOLIO SERVICES, LLC,

     Defendants.

CIVIL COMPLAINT

CASE NO. 1:24-cv-00299

DEMAND FOR JURY TRIAL

## COMPLAINT

NOW COMES CHRISTINA A. SANDERS ("Plaintiff"), by and through her undersigned counsel, complaining as to the conduct of CAVALRY SPV I, LLC d/b/a CAVALRY PORTFOLIO SERVICES, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. and for violations of the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Law §§445.901 *et seq.*

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Michigan.

**PARTIES**

4.   Plaintiff is a natural person, over 18-years-of-age residing in Benton Harbor, Michigan.

5.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.   Defendant is engaged in the business of acquisition and management of non-performing consumer loan portfolios, and in connection therewith, collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the state of Michigan. Defendant is a limited liability company organized and existing under the laws of the state of Delaware with its primary place of business located at 1 American Lane 220, Greenwich, Connecticut, 06831.

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTUAL ALLEGATIONS**

8.   The instant action stems from Defendant's collection of payments ("subject consumer debt") from Plaintiff.

9.   Upon information and belief, Plaintiff acquired a Citibank credit card ("Citibank Card") some time ago, to be used for personal, family, and household purposes.

10.   Subsequently, due to unforeseen financial hardship and circumstances outside her control, Plaintiff fell behind on payments on the Citibank Card, thus incurring debt.

11. Upon information and belief, after the Citibank Card went into default, it was charged off and sold to Defendant for collection purposes.

12. Subsequently, Defendant filed an action in Berrien County, Michigan to recover the balance of the Citibank Card account.

13. As a result of that case, Plaintiff was required to pay the subject consumer debt to Defendant.

14. Plaintiff filed a motion on or about September 28, 2023 to obtain the right to satisfy the judgement against her by making monthly payments of $25 to Defendant via check.

15. Subsequently, the Berrien County Court entered an order providing that Plaintiff would pay the aforementioned amount to Defendant monthly, due by the 30th of each month.

16.   Plaintiff's first payment was made in November 2023.

17.   Plaintiff has been consistently making payments according to the terms of the court order.

18.   Plaintiff sent checks via certified mail, made payable to Defendant.

19.   Plaintiff's checks were sent before they were due and post-dated to the due date.

20. Upon information and belief, Defendant depositied at least two of Plaintiff's payments earlier than the date on the checks.

21. Specifically, although Plaintiff mailed checks in December 2023 and January 2024 that were dated to the 30th of those respective months, Defendant deposited both these checks on or about December 7, 2023.

15.   Frustrated and concerned by Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in expenses.

16.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

17.    Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to invasion of privacy, aggravation, further damage to her financial situation as a result of Defendant unexpectedly cashing checks it was not yet authorized to cash, emotional distress, and violations of her state and federally-protected rights to be free from unfair and deceptive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

19. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

20. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

21. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.   Violations of FDCPA § 1692e

22. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

23. In addition, this section enumerates specific violations, such as:

> The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

24. Defendant violated 15 U.S.C. §§ 1692e, e(5), and e(10) by employing deceptive means to attempt to collect upon the subject debt.  Defendant deceptively attempted to collect funds from Plaintiff before it had her authorization to do so, in direct defiance of Plaintiff's listing on the check the date she was permitting Defendant to withdraw funds. Under the FDCPA, Defendant is specifically barred from engaging in this type of conduct, and in doing so deceptively represented to Plaintiff that it had the right and ability to collect the debt in this manner, when this was not the case.

**b. Violations of FDCPA § 1692f**

25. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Additionally, pursuant to 15 U.S.C. §1692f(4), a debt collector is prohibited from "[d]epositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument."

26. Defendant violated §1692f and f(4) when it unfairly and unconscionably deposited checks sent by Plaintiff prior to the postdated date listed on the check on multiple occasions. Plaintiff sent Defendant a check postdated to December 30, 2023, which was deposited by Defendant on December 7, 2023. Plaintiff further sent Defendant a check postdated to January 30, 2024, which Defendant also deposited on December 7, 2023.

27. As outlined above, Plaintiff has been unfairly harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CHRISTINA A. SANDERS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT

28. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

29. Defendant was engaged in "trade or commerce" as defined by the Michigan Consumer Protection Act ("MCPA") because its collection efforts arose out of an account for goods or services primarily for "personal, family, or household purposes." M.C.L. §445.902(1)(g).

### a. Violations of M.C.L §445.903

30. Pursuant to the MCPA, "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful." M.C.L §445.903(1).

31. The MCPA, pursuant to M.C.L §445.903(1)(n), prohibits "[c]ausing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction."

32. Defendant violated M.C.L §445.903(1) and §445.903(1)(n) through their unfair, unconscionable, and deceptive of illegally depositing the postdated checks prior to the date listed on the check. Defendant's conduct had the natural consequence of causing the probability of confusion as to Defendant's legal right and remedy to do so, namely that engaging in said conduct

6

created a misunderstanding in Plaintiff that Defendant had the legal right and remedy to engage in this behavior, when in fact it did not.

WHEREFORE, Plaintiff, CHRISTINA A. SANDERS, respectfully requests this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statute pursuant to M.C.L. §445.911(1)(a);

b.  Awarding Plaintiff actual damages, pursuant to M.C.L. §445.911(2);

c.  Enjoin Defendant from continuing its unlawful practices pursuant to M.C.L §445.911(1)(b);

d.  Awarding Plaintiff reasonable costs and attorney fees as provided under M.C.L. §445.911(2); and

e.  Awarding any other relief as is deemed just and proper.


Dated: March 22, 2024                    Respectfully Submitted,

                                         s/ Nathan C. Volheim (Lead Attorney)
                                         Nathan C. Volheim, Esq. #6302103
                                         *Counsel for Plaintiff*
                                         Sulaiman Law Group, Ltd.
                                         2500 South Highland Ave., Suite 200
                                         Lombard, Illinois 60148
                                         (630) 568-3056 (phone)
                                         (630) 575-8188 (fax)
                                         nvolheim@sulaimanlaw.com